**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRINIDAD ZARATE MAGALLON | No. 10-70167 |
| Petitioner, | Agency No.   A077-759-566 |
| v. | |
| ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 13, 2014
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and MAHAN, District Judge.**

Trinidad Zarate Magallon, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for

---

\*       This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\*       The Honorable James C. Mahan, District Judge for the U.S. District Court for the
District of Nevada, sitting by designation.

withholding of removal and relief under the Convention Against Torture ("CAT"). We review the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on both the conflicts in Zarate's own testimony, as well as variances between her testimony and the testimony of her husband, James Clark Miller. *See id*. The BIA reasonably rejected Zarate's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

Zarate's CAT claim also fails because it is based on the same testimony that was found to be not credible, and she does not point to any other evidence that shows it is more likely than not that she would be tortured if returned to Mexico. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, we need not reach the question as to whether the IJ and BIA erred by not allowing Zarate to apply for asylum, as we hold that, due to the adverse credibility finding, Zarate would not qualify for asylum even if she had been allowed to apply.

**PETITION FOR REVIEW DENIED.**